UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION & RETIREMENT FUND, by its Trustees
John Bulgaro, Gary Staring, Daniel W. Schmidt,
Michael S. Scalzo, Sr., Thomas J. Ventura, Bob
Schaeffer, and Steven S. Mazza; and NEW YORK
STATE TEAMSTERS COUNCIL HEALTH &
HOSPITAL FUND, by its Trustees John Bulgaro,
Gary Staring, Daniel W. Schmidt, Michael S.
Scalzo, Sr., Thomas J. Ventura, Bob Schaeffer,
and Steven S. Mazza,                                                    5:10-CV-835
                                                                                     (FJS/DEP)
          Plaintiffs,

    v.

NASON'S DELIVERY, INC.,

          Defendant.
_____

**APPEARANCES**         **OF COUNSEL**

**PARAVATI KARL GREEN & DEBELLA**  **GERALD J. GREEN, ESQ.**
12 Steuben Park         **VINCENT M. DEBELLA, ESQ.**
Utica, New York 13501
Attorneys for Plaintiffs

**BOND, SCHOENECK & KING, PLLC**  **KERRY W. LANGAN, ESQ.**
One Lincoln Center        **THOMAS G. ERON, ESQ.**
110 West Fayette Street
Syracuse, New York 13202
Attorneys for Defendant


**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Currently before the Court is Plaintiffs', the trustees of New York State Teamsters Conference Pension & Retirement Fund ("Pension Fund") and New York State Teamsters Council Health & Hospital Fund ("Health Fund"), motion for summary judgment.[1]

**II. BACKGROUND**

Plaintiffs Pension Fund and Health Fund, by their Trustees John Bulgaro, Gary Staring, Daniel W. Schmidt, Michael S. Scalzo, Sr., Thomas J. Ventura, Bob Schaeffer, and Steven S. Mazza, bring this action against Defendant Nason's Delivery, Inc. pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), as amended, seeking delinquent benefit contributions to which they are entitled under the terms of the participation agreements between Plaintiffs and Defendant. *See* Dkt. No. 16, Second Amended Complaint.[2]

Plaintiffs Pension Fund and Health Fund are employee benefit plans created by participating employers and local unions affiliated with the International Brotherhood of

---

[1] Plaintiff Pension Fund, by its trustees, has also brought a related lawsuit against Defendant for employer withdrawal liability under ERISA in Case No. 5:10-CV-1466. In a separate Memorandum-Decision and Order also issued this date, the Court granted Plaintiff Pension Fund's motion for summary judgment in that case.

[2] On July 8, 2010, Plaintiff Pension Fund filed its initial complaint against Defendant due to Defendant's alleged failure to pay contributions owed in the amount of $60,777.66. *See* Dkt. No. 1. On August 4, 2010, Plaintiff Pension Fund filed an amended complaint, seeking additional monies. *See* Dkt. No. 5. With the consent of the parties and permission from the Court (Peebles, M.J.), on December 8, 2010, Plaintiff Pension Fund filed a second amended complaint that added Plaintiff Health Fund as a plaintiff in this action. *See* Dkt. Nos. 16-18.

Teamsters and are "multiemployer plan[s]." *See* 29 U.S.C. § 1002(37)(A). As a participating employer in the plans, Defendant was obligated to make contributions to Plaintiffs each month. Plaintiffs entered into participation agreements with Defendant, which were effective from April 1, 2008, through March 31, 2011, under which Defendant was required to make monthly contributions on behalf of its eligible employees in accordance with the terms set forth in the agreements. *See* Dkt. Nos. 22-2 & 22-3. On May 26, 2010, because of Defendant's failure to remit the full amount of contributions owed to Plaintiff Pension Fund for the months of December 2009, through May 2010, Plaintiff Pension Fund terminated Defendant from the Pension Fund plan. With respect to Plaintiff Health Fund, Defendant continued to participate therein until Defendant ceased its business operations in September 2010.

Plaintiffs assert that they are entitled to summary judgment awarding them specific contribution amounts for each month in which Defendant failed to remit full and proper contributions. Pursuant to the terms of the participation agreements, Defendant prepared and submitted monthly Employer Report Forms to Plaintiffs detailing the contribution amounts owed for that period. In determining the amounts due, Plaintiffs looked to the monthly Employer Report Forms that Defendant's treasurer, Thomas Nason, provided.

Plaintiffs assert that Defendant owes Plaintiff Pension Fund delinquent contributions for the months of December 2009, through May 26, 2010, in the amount of $59,653.42, plus interest, double interest, attorney's fees, and costs as ERISA provides. Plaintiffs calculated the amount of delinquent contributions due and owing to Plaintiff Pension Fund as follows:

> December 2009    $12,018.50
> January 2010     $14,134.91
> February 2010    $11,260.63

|  |  |
|---|---|
| March 2010 | $10,492.00 |
| April 2010 | $13,508.45 |
| May 2010 | <u>$10,215.45</u> |
|  | $71,629.94 |
| *Less partial payments* | <u>*$11,976.52*</u> |
|  | **$59,653.42** |

The total amount Plaintiff Pension Fund seeks is **$145,695.69**, which includes unpaid contributions in the amount of $59,653.42, plus interest in the amount of $9,488.16, plus an additional award of interest in the amount of $9,488.16, plus attorney's fees in the amount of $66,276.00, plus costs in the amount of $789.95.  *See* Dkt. No. 27-3.

With respect to Plaintiff Health Fund, Plaintiffs assert that Defendant owes delinquent contributions for the months of August and September 2010, in the amount of $31,818.58, plus interest, double interest, attorney's fees, and costs as ERISA provides.  Plaintiffs calculated the amount of delinquent contributions due and owing to Plaintiff Health Fund as follows:

|  |  |
|---|---|
| August 2010 | $16,462.98 |
| September 2010 | <u>$15,355.60</u> |
|  | **$31,818.58** |

The total amount Plaintiff Health Fund seeks is **$39,509.76**, which includes unpaid contributions in the amount of $31,818.58, plus interest in the amount of $3,845.59, plus an additional award of interest in the amount of $3,845.59.  *See* Dkt. No. 27-3.

### III. DISCUSSION

In its six-page memorandum of law in opposition to Plaintiffs' motion for summary judgment, Defendant does not challenge Plaintiffs' assertion that Defendant failed to remit full and proper contributions.  *See generally* Dkt. No. 24.  Instead, Defendant sets forth the following three arguments to support its proposition that "[t]he Plaintiffs' motion papers reveal significant

issues of fact that preclude the grant of summary judgment": (1) Plaintiffs miscalculated the amount of contributions to which Plaintiff Pension Fund was entitled for the month of May 2010; (2) Plaintiff Health Fund failed to provide Defendant proper notice of any payment delinquencies and afford it an opportunity to appeal that delinquency determination to the Health Fund's Board of Trustees, as the participation agreements required; and (3) Plaintiffs' claim for attorney's fees is excessive and unsupported. *See id.*

With regard to Defendant's assertion that Plaintiffs miscalculated the amount of contributions to which Plaintiff Pension Fund was entitled for the month of May 2010, Plaintiffs have corrected those figures and their modified calculations are reflected herein. Furthermore, contrary to Defendant's assertion that Plaintiff Health Fund failed to provide adequate notice regarding Defendant's delinquent contributions, Plaintiff Health Fund's attorneys did, in fact, provide written notice to Defendant's attorneys that Defendant "owe[d] estimated contributions and liquidated damages in the amount of $33,944.76 for the months of August and September, 2010" and "enclosed a breakdown of the Health Fund's estimate . . . ." *See* Dkt. No. 27-4. Moreover, the participation agreement between Plaintiff Health Fund and Defendant provides, in part, that

> [t]he late payment of any delinquency by the Employer shall not in any way relieve it from the obligations set forth above. In addition, when the Employer is notified in writing by the Fund that it is delinquent, the Employer must immediately pay the delinquent amount to the Fund. After said payment, the Employer may appeal the Fund's decision to the Board of Trustees, whose decision shall be final and binding.

*See* Dkt. No. 22-3 at 2. This does not present any issue of fact precluding summary judgment.[3]

"Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Pursuant to the terms of the participation agreements in the case at bar, Defendant was required to make full and proper contributions to Plaintiffs Pension Fund and Health Fund. However, Defendant failed to make such contributions. Accordingly, Plaintiffs are statutorily entitled to the amount of those delinquent contributions. Specifically, the Court finds that Plaintiff Pension Fund is entitled to delinquent contributions for the months of December 2009, through May 26, 2010, in the amount of $59,653.42 and finds that Plaintiff Health Fund is entitled to delinquent contributions for the months of August and September 2010 in the amount of $31,818.58.

Moreover, in addition to the amount of the unpaid contributions, fiduciaries seeking to enforce provisions of an employee benefit plan are entitled to recover

> (B) interest on the unpaid contributions; (C) an amount equal to the greater of—(I) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan not in excess of 20 percent . . . of the [unpaid contributions]; (D) reasonable attorney's fees and costs of the action . . . .

29 U.S.C. § 1132(g)(2).

Accordingly, Plaintiffs are also entitled to interest on the unpaid contributions. *See* 29 U.S.C. § 1132(g)(2)(B). The Court finds that Plaintiffs are entitled to interest on the unpaid

---

[3] In any event, Defendant should have raised this apparent affirmative defense regarding contractual notice requirements under the participation agreement in its answer to Plaintiffs' second amended complaint, which it failed to do.

contributions at a rate of 11% per annum, which is the rate that Plaintiff Pension Fund's Board of Trustees adopted by resolution. *See* Dkt. No. 22-9. Plaintiffs are additionally entitled to another payment in "an amount equal to **the greater of**—(I) interest on the unpaid contributions, or (ii) liquidated damages provided under the plan not in excess of 20 percent . . . ." *See* 29 U.S.C. § 1132(g)(2)(C) (emphasis added). In the participation agreements, Plaintiffs adopted a liquidated damages rate of 10%, *see* Dkt. Nos. 22-2 & 22-3; and, since the simple interest rate of 11% is greater than the liquidated damages rate of 10% provided for in the plans, Plaintiffs are entitled to a payment of double interest in the amount of 11%.

Finally, Plaintiffs are entitled to reasonable attorney's fees and costs. *See* 29 U.S.C. § 1132(g)(2)(D); *see also Labarbera v. Clestra Hauserman, Inc.*, 369 F.3d 224, 226 (2d Cir. 2004). Plaintiffs request attorney's fees in the amount of $66,276.00, calculated using a billing rate of $280 per hour, *see* Dkt. No. 22-10, which Defendant believes is excessive. Plaintiffs submitted their attorney's billing statements, which include the date, time spent, and the nature of the work performed. *See id.*

District courts retain broad discretion to review and assess the reasonableness of the hours that attorneys bill, and a court should not allow "fee requests for hours that are 'excessive, redundant, or otherwise unnecessary.'" *See Gatti v. Cmty. Action Agency of Greene Cnty., Inc.*, 263 F. Supp. 2d 496, 518 (N.D.N.Y. 2003) (quotation and other citation omitted). The method for determining the amount of reasonable attorney's fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking attorney's fees bears the burden of demonstrating that the fees requested are reasonable. *See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*,

34 F.3d 1148, 1160 (2d Cir. 1994) (quotation omitted).

Courts in this District have recently held that $210 is a reasonable hourly rate for an experienced attorney in ERISA collection actions. *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit & Training Funds v. Catone Constr. Co., Inc.*, No. 5:08-CV-1048, 2009 WL 4730700, *7 (N.D.N.Y. Dec. 4, 2009) (citations omitted); *Int'l Bhd. of Elec. Workers Local No. 43 Pension, Annuity & Health & Welfare Funds v. Kay-R Elec. Corp.*, No. 5:09-CV-0087, 2011 WL 2976266, *4 (N.D.N.Y. July 21, 2011) (citation and footnote omitted). Nothing in the record indicates that this case presents novel or particularly complex legal issues, and Plaintiffs do not offer any other reasons justifying an award of attorney's fees using a rate above the presumably reasonable hourly rate of $210. Therefore, in its discretion, the Court will reduce the hourly rate to $210 per hour.

In addition, Plaintiffs' attorney, who is a partner with more than twenty-five years of relevant experience, billed 236.70 hours, eighty-five of which he purportedly spent preparing the instant motion for summary judgment. Having reviewed the submitted billing records, *see* Dkt. No. 22-10, the Court finds that eighty-five hours spent preparing Plaintiffs' motion for summary judgment is unreasonable. Thus, the Court will award attorney's fees for 42.5 of the claimed eighty-five hours spent on the instant motion for summary judgment.

Finally, Plaintiffs seek $789.95 in costs, to which they are entitled under 29 U.S.C. § 1132(g)(2)(D). These costs correspond to a $350.00 filing fee, a $75.00 service of process fee, and $364.95 for a deposition transcript. *See* Dkt. No. 27-3. The Court will award Plaintiffs $789.95 in costs. *See, e.g.*, *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citations omitted).

Based on the foregoing, the Court awards Plaintiff Pension Fund judgment in the amount of $120,201.69 and Plaintiff Health Fund judgment in the amount of $39,509.76, calculated as follows:

**Plaintiff Pension Fund**

| | |
|---|---:|
| Delinquent contributions | $59,653.42 |
| Interest | $9,488.16 |
| Additional interest | $9,488.16 |
| Attorney's fees | $40,782.00[4] |
| Costs | $789.95 |
| | **$120,201.69** |

**Plaintiff Health Fund**[5]

| | |
|---|---:|
| Delinquent contributions | $31,818.58 |
| Interest | $3,845.59 |
| Additional interest | $3,845.59 |
| | **$39,509.76** |

## IV. CONCLUSION

Accordingly, having reviewed the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for summary judgment is **GRANTED**; and the Court

---

[4] Plaintiffs requested $66,276.00 in attorney's fees. *See* Dkt. No. 22-10. As discussed, however, the Court reduces their attorney's hourly rate from $280 to $210 per hour and also awards attorney's fees for 42.5 of the claimed eighty-five hours spent preparing the instant motion for summary judgment. Using these figures, the Court awards Plaintiffs attorney's fees in the amount of $40,782.00, calculated as follows:

236.70 billed hours - 42.5 hours = 194.2 hours
194.2 hours x $210.00 per hour = $40,782.00.

[5] Attorney's fees and costs with respect to both Plaintiffs are included above in Plaintiff Pension Fund's calculation.

further

**ORDERS** that Plaintiff Pension Fund is entitled to judgment in the amount of **$120,201.69**; and the Court further

**ORDERS** that Plaintiff Health Fund is entitled to judgment in the amount of **$39,509.76**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiffs in the amount of **$159,711.45** plus post-judgment interest calculated pursuant to 28 U.S.C. § 1961(a) (providing that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment") and close this case.

**IT IS SO ORDERED.**

Dated: August 31, 2012
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge